HAINES *vs.* MILLERS & SIBLEY.

On an appeal from the county court, the superior court adjudged that Hannah Haines was not entitled to the fund raised from partnership property, because her lien was against one partner individually.  On another money rule for the same fund at the next term, she was again made a party, and the judge, to whom the whole case was submitted, held that her right to the fund was concluded by the former judgment:

*Held,* that the court ruled correctly.

Judgments.    Before Judge BARTLETT.    Greene Superior Court.    March Term, 1878.

Reported in the opinion.

C. HEARD, for plaintiff in error, cited 7 *Ga.,* 54.

JNO. C. REED ; W. H. BRANCH, for defendants, cited 60 *Ga.,* 296 ; 12 *Ib.,* 431 ; 18 *Ib.,* 551.

JACKSON, Justice.

Millers & Sibley brought a rule against the sheriff requiring him to show cause why he did not pay them a fund in

his hands, arising from the sale of a stock of goods which belonged to Wynne & Co. The sheriff for answer showed that Mrs. Hannah Haines claimed the money under a mortgage *fi. fa.* To the rule, Wynne, of the firm of Wynne & Co., was made a party and filed a plea, or issue, against Millers & Sibley's right to the money which was disposed of in the preceding case. The right of Hannah Haines under her mortgage is the question here. The case was submitted to the court, and it seems, by agreement, he was empowered to pass upon the entire case, law and fact. The record shows that at the term before that, when this case was passed upon, the following judgment was rendered: "Hannah Haines *vs.* Claude N. Wynne & Thos. S. Irby, deputy sheriff. Appeal from the county court.

" The above stated case having been submitted to the court upon the facts and the law, it is adjudged by the court that as the proceeds of sale mentioned in the answer of said deputy sheriff, are the proceeds of the property of C. N. Wynne & Co., the said proceeds cannot be paid over to the *fi. fa.* of the said Hannah Haines, that being a *fi. fa.* against the said C. N. Wynne individually."

The court held that this judgment concluded Mrs. Haines' right to the money. We think so too, and therefore we affirm the judgment.

If, however, on the issue made by Wynne with Millers & Sibley, when the facts are investigated and the issue determined, it be decided against Millers & Sibley, and eventually any portion of the fund should get into the possession of Wynne, individually, as his portion thereof after the partnership debts and liens are all paid, if there be any besides that of Millers & Sibley, then Mrs. Haines may have rights to such portion, which she may assert in such mode as she may be advised.

Judgment affirmed.