32653.   HARVEY *v.* WRIGHT *et al.*

Decided October 21, 1949.

*G. S. Peck,* for plaintiff in error.

*Hewlett & Dennis, T. F. Bowden, Charles S. Barton, Florence H. Dendy, Durwood T. Pye,* contra.

Sutton, C. J. Northside Farmers Market Inc., leased a tract of land on Peachtree Road in Fulton County from Ralph Wright Jr., and E. M. Myers on May 27, 1947, for 40 years, effective September 1, 1947, and leased another tract of land on Grandview Avenue from Ralph Wright Jr., E. M. Myers, and W. R. Cox on November 14, 1947, for 30 years, effective January 1,

1948. Under the terms of the lease for the Peachtree Road property the lessee deposited $1800 with the lessors, to be applied to the agreed rental at the rate of 10% or $30 per month for the first 5 years of the lease. Each lease has attached thereto an acknowledgment to the effect that it was rescinded by the lessors for nonpayment of rent on July 1, 1948; that the lessee claims no further right of possession; and that the Clerk of Fulton Superior Court is authorized to enter the acknowledgment on the record of the lease. At the time of the rescission of the leases the lessors of the Peachtree Road property held in their possession $690 due the lessee after all rent had been paid on the property; and the lessee owed $675 for rent, plus interest, to the lessors of the Grandview Avenue property. On July 12, 1948, the lessors of the Grandview Avenue property, through their attorney, made affidavit that the lessee was indebted to them $675 for rent, plus interest, on the Grandview Avenue property, and a distress warrant was issued therefor by the Clerk of the Civil Court of Fulton County. The warrant was executed by a deputy marshal of the court by levying upon and seizing the property of the defendant, to wit: "One envelope and contents pointed out by Plff. (RW. Jr.) Levied at 98 Central Ave., Atlanta, Ga. This 7-14, 1948." On the following day, July 15, 1948, William V. Harvey, the president of Northside Farmers Market, filed suit against said market in the Civil Court of Fulton County for $2700 unpaid salary for the months of January through June, 1948, and as president of the defendant corporation acknowledged service of the suit. Harvey then made affidavit, through his attorney, on July 21, 1948, for garnishment, based on the pending suit, and a summons was served upon J. M. George, Marshal of the Civil Court of Fulton County, and upon Wright and Myers, the lessors of the Peachtree Road property. Northside Farmers Market, through its attorney, on July 26, 1948, in reply to the distress warrant, filed what at first was called an affidavit of illegality. This was subsequently amended, and finally it was denominated as a motion to dismiss the levy. The plaintiffs in the distress-warrant proceeding demurred to this motion. On August 3, 1948, the chief judge of the civil court rendered judgment for Harvey for $2700 in his suit for unpaid salary. Wright and Myers filed an answer to the sum-

mons of garnishment on August 9, 1948, as follows: "1. At the time of the service of garnishment, garnishees had in hand no money, property or effects of the defendant. 2. Since the time of said service there has come into the hands of said garnishees no money, property or effects of the defendant. 3. Further answering, garnishees say that defendant corporation was indebted to them in the amount of $675, plus interest, which debt was due for rent on property on Grandview Avenue, 150 feet east of Peachtree Road. That on July 12th, 1948, garnishees took out a distress warrant No. 135763 [155763?] in the Civil Court of Fulton County, which distress warrant was levied July 14, 1948, on property of the defendant corporation in the amount of $690, there being at that time in the hands of garnishees a fund in the amount of $690, on which said distress warrant was levied. 4. That the marshal is holding said fund in the amount of $690 for the benefit of garnishees and as their agent and the agent of the court. 5. That garnishees are, and were entitled under the laws of Georgia, to apply said fund in the amount of $690 to the payment of said indebtedness alleged in paragraph 3 of this answer." Harvey traversed this answer, admitting the allegations of paragraphs 1 and 2, and denying the allegations of paragraphs 3, 4, and 5. George answered the summons for garnishment on August 26, 1948, as follows: "[1] On July 12, 1948, there was placed in the hands of garnishee, for execution, a distress warrant issued in the Civil Court of Fulton County in case No. 155763, entitled Ralph Wright Jr., E. M. Myers and W. R. Cox, plaintiffs, versus North Side Farmers Market Inc., defendant, said distress warrant being in the sum of six hundred seventy-five ($675) dollars and interest, as rent for premises therein described, profert of said distress warrant being now made by garnishee. [2] On July 14, 1948, J. D. Thomas, deputy marshal of said court, having said distress warrant in hand for levy and execution, had pointed out to him by plaintiffs in said distress warrant, for levy thereon as the property of defendant in said distress warrant, the sum of six hundred ninety ($690) dollars in money, said money in the possession of plaintiff in said distress warrant. Whereupon, said deputy marshal seized and levied upon said money which was placed by plaintiff in an envelope, said deputy marshal making

on said day an entry upon one envelope and contents, pointed out by plaintiff. [3] Said garnishee, at the time of the service of said summons thus had in his hands said sum of six hundred ninety ($690) dollars for application to the execution issued upon said distress warrant, and plaintiff in said distress warrant has heretofore demanded that garnishee apply said six hundred ninety ($690) dollars to the principal, interest and costs due upon said distress warrant. [4] Garnishee avers that under these circumstances it is his duty to apply said sum of money levied upon to the execution under said distress warrant, and said application will leave no overplus; thus, there was in the hands of garnishee no property, money or effects, subject to said garnishment. [5] Further answering said summons, garnishee says that no money, property or effects of North Side Farmers Market Inc. have come into his hands between the time of the service of said summons and the time of making this answer, and that garnishee owed the defendants nothing at the date of service of this summons, and that garnishee has become indebted to the defendant in no amount since the service of said summons." Harvey traversed this answer; admitting the same with the exception of the fourth and fifth unnumbered paragraphs (paragraphs 4 and 5, supra). On October 19, 1948, Thomas, the deputy marshal, filed a statement in reference to the distress warrant proceeding, in which he recited that if it were lawful for the entry of levy to be amended, he had no objection to an amendment, and that additional facts concerning the levy were as follows: "On July 14, 1948, said deputy marshal, having in his hand for levy and execution the distress warrant in this case, had pointed out to him by plaintiffs in said distress warrant, the sum of six hundred ninety ($690) dollars in money, said money in the possession of plaintiff in said distress warrant. Whereupon said deputy marshal levied upon said money which was placed by plaintiff in an envelope, and thereafter made the entry of levy appearing upon the papers in this case." On October 22, 1948, the chief judge of the civil court sustained the demurrer to the motion to dismiss the levy, and the defendant, Northside Farmers Market, excepted. This court, in February, 1948, held that the trial court did not err in sustaining the demurrer to the motion to dismiss the levy, but

in so doing did not rule upon the validity of the levy. See *North-side Farmers Market Inc.* v. *Wright,* 78 *Ga. App.* 623 (52 S. E. 2d, 34). On April 4, 1949, a judge of the civil court sustained each of the answers in the garnishment proceedings, and over-ruled each of the traverses. His order in each instance was as follows: "After hearing evidence and argument the within traverse is overruled and the answer of the garnishee sustained." Thereafter, on May 24, 1949, George, the marshal, petitioned the court for a rule nisi directed to Wright, Myers, Cox, North-side Farmers Market, and Harvey, requiring each of them to show cause before the court why the court should not determine the disposition of the money, and the same was issued. In this petition it was alleged, among other things: "2. On July 14, 1948, by virtue of a distress warrant in favor of Ralph Wright Jr., E. M. Myers, and W. R. Cox as plaintiffs, against North-side Farmers Market, Inc., No. 155763, J. D. Thomas, deputy marshal, said court, levied upon one envelope and contents, as shown by the entry of levy made upon the papers in said case. 3. The facts concerning said levy are as follows: Said deputy marshal, having in his hands for levy and execution said dis-tress warrant, had pointed out to him by plaintiffs in said dis-tress warrant, for levy thereon as the property of defendant in said distress warrant, the sum of six hundred ninety ($690) dollars in money, which money was in the possession of plain-tiff in said distress warrant. Whereupon, said deputy marshall levied upon said money which was placed by plaintiff in an envelope, and thereafter made said entry of levy. 4. Thereafter, Northside Farmers Market Inc. filed in said distress-warrant case an affidavit of illegality, which was stricken on demurrer interposed by plaintiffs in said distress warrant. 5. Thereafter, in case No. 155819, said court, entitled William V. Harvey vs. Northside Farmers Market Inc., plaintiff filed a summons of garnishment directed to your petitioner, who answered therein by setting up the facts with respect to said levy in the distress-warrant case, and alleging that under the circumstances it was petitioner's duty to apply the sum of money levied upon to the execution under said distress warrant, that said application would leave no overplus; thus, there was in the hands of gar-nishee no property, money or effect, subject to said garnishment.

William V. Harvey filed a traverse to said answer of your petitioner, as garnishee, and upon the trial of said traverse, the court found in favor of the answer of your petitioner as garnishee.  6. On April 21, 1949, said William V. Harvey served upon your petitioner a written demand for the said sum of money referred to above, to be applied on an execution in favor of William V. Harvey against Northside Farmers Market Inc., in said case No. 155819; and on August 9, 1948 plaintiffs in said distress warrant made written demand that it be applied thereto. 7. Petitioner makes profert of all the proceedings in said distress-warrant case, and in said case of Harvey vs. Northside Farmers Market Inc., including said garnishment proceedings and said demand filed upon him under date of April 21, 1949." Wright, Myers, and Cox answered and alleged, among other things, that their claim under the distress warrant was superior to that of Harvey; that Harvey's suit against Northside Farmers Market was fraudulent; that Harvey, as president of Northside Farmers Market, had admitted in the distress-warrant proceeding that the rent sought under the distress warrant was a just and due debt; "that the court in case number 155819, entitled William V. Harvey vs. Northside Farmers Market Inc., having found in favor of the answer of garnishee J. M. George and the answers of these defendants, who were also garnishees in that suit herein referred to, which answers set out that it was the duty of the marshal, J. M. George, to apply said sum of money levied on to the payment of the lien of said distress warrant, plaintiff in this suit, and defendants, William V. Harvey and Northside Farmers Market Inc. are estopped by the judgment of that court from claiming said fund should be applied to the execution of William V. Harvey and Northside Farmers Market Inc." In Harvey's answer he admitted all of the allegations of George's petition except he denied that the levy was upon money and alleged that it was upon currency, and that said bills of currency, each evidencing a chose in action, were not subject to levy. In addition to the above-stated pleadings and the admissions on the money rule, the record includes the following documentary evidence introduced at the hearing: The two leases already described, a demand by Harvey upon the marshal for the money, a stipulation dated April 4, 1949, showing that upon

examination of the envelope and its contents it was found to contain $690 in United States currency, and a demand by Wright, Myers, and Cox for the money. Wright and Harvey testified at the hearing, but a statement of their testimony is unnecessary. The order of the trial judge, dated June 10, 1949, stated that he adjudged that the levy in the distress-warrant case was valid, and the marshal was ordered to pay the $690 to the plaintiffs in the distress-warrant proceeding. Harvey excepted, naming Wright, Myers, Cox, and George as the defendants in error. The defendants in error have moved to dismiss the writ of error on the ground that the issue involved is moot, and in the motion show that upon the rendition of the judgment the marshal paid the money to the plaintiffs in the distress-warrant proceeding; and they have attached to the motion an affidavit of the marshal showing that he disposed of the money on June 10, 1949, in accordance with the order of that date. In a brief filed in reply to this motion the plaintiff in error attached an affidavit by T. J. Grogan, chief deputy marshal of the civil court, to the effect that he is the person who paid the money to Wright, et al., and that in the event of a reversal of the judgment of the civil court, the marshal of the civil court is willing to take any action necessary to recover the fund involved, so that the same may be paid to Harvey. The defendants in error have moved to strike this affidavit.

■ The above mentioned motions of the defendants in error are without merit and are denied.

■ "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. "A fact which has been directly tried, and decided by a court of competent jurisdiction, cannot be contested again between the same parties or their privies in the same or any other court. A judgment of a court of law, or a decree in chancery, is an estoppel to the parties thereto and their privies, if it relates to the same subject-matter, and decides the question now in issue." *Evans* v. *Birge*, 11 *Ga.* 265 (1). "Under the doctrine of res judicata, whenever there has been a judgment

by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation. [Citing.] A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties based upon a different cause of action. [Citing.] In the latter case, there is an estoppel by judgment only as to such matters as were necessarily or actually adjudicated in the former litigation. That is to say, there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters, within the scope of those pleadings, as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined." *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S.E. 260). Also, see Code, §§ 3-607, 38-114; *Haines* v. *Millers & Sibley*, 61 *Ga.* 344; *Exchange National Bank of Rome* v. *Covington*, 160 *Ga.* 131 (1) (127 S. E. 453); *Sheldon & Co.* v. *Emory University*, 184 *Ga.* 440 (191 S. E. 497); *Morris* v. *Georgia Power Co.*, 65 *Ga. App.* 180 (15 S. E. 2d, 730). What effect did the judgment in the garnishment proceeding have on the present proceeding? Under the petition of the marshal in the money rule, the present proceeding, the garnishment proceeding and the judgment thereon are set out, and the same is admitted in the answers of the claimants to the fund, and this judgment is pleaded as an estoppel by the lessors. This court is of the opinion that the judgment in the garnishment proceeding did create an estoppel by judgment on the controlling issues in the present proceeding. The money involved was the same. The parties are not identical, in that Cox, one of the lessors of the Grandview Avenue property but not one of the lessors of the Peachtree Road property on which the deposit for rent was held, was not included as a garnishee. This, however, is immaterial. By the institution of the garnishment proceeding Harvey sought any money, property, or effects of Northside Farmers Market held by George, the marshal of the civil court, and by Wright

and Myers, the lessors of the Peachtree Road property. All garnishees answered, and Wright and Myers showed by their answer that the only money, property, or effects that they had in their hands, the $690, had been levied upon by a deputy marshal, and seized by him to satisfy the distress warrant of Wright, Myers, and Cox. George, the marshal, showed that the only money, property, or effects of the defendant that he held was the $690, and alleged that he held this to satisfy the distress warrant, and that when so applied, there would be no overplus. Harvey traversed the answers, and it appears from the orders of the trial judge that he sustained the answers and overruled the traverse after hearing evidence and argument by counsel. The issues raised by the pleadings in the garnishment proceeding go directly to the merits of the matter, and the determination was adverse to Harvey. Harvey never excepted to that judgment and consequently, at the time of the trial of the present case in the lower court, he was concluded from insisting upon any right or claim to the money superior to the garnishees, who with Cox, the other plaintiff in the distress-warrant proceeding, whose claim is based upon their claim, were parties in the present case in the lower court, and are defendants in error in this court.

■ Morever, in an early Georgia case, *Rogers* v. *Bullen's administratrix, R. M. Charlton* 196, it was held that money may be taken in execution. The plaintiff in error concedes before this court that money may be levied upon, if in possession of the defendant, or identifiable as his money, and in the form of specie or coin. In other jurisdictions "The rule is well established that money, whether in specie or bank notes, which are treated civiliter as money, if in the possession of the defendant, or capable of being identified as his property, may be taken in execution." 33 C. J. S., Executions, § 24. Also, see 21 Am. Jur., Executions, § 397. Although it is true that a chose in action is immune from levy, unless made subject to levy by statute (Code, § 39-113), and although it may be true that United States paper currency possesses attributes, or is evidence, of a chose in action, still paper currency is legal tender. This is a matter of common knowledge and may be verified by an inspection of the same. Also, see 12 U. S. C. A. § 411; 31 U. S. C. A. §§ 405, 410, 452, 453. In the commonly accepted sense of the word,

United States paper currency is just as much money as the metallic coins in current circulation. It must be presumed that the trial judge in the garnishment proceeding properly determined all of the issues above suggested by the law applicable thereto, since these issues were necessarily raised by the pleadings in that proceeding.

■ ■ Furthermore, "It is well settled that money rules are in the nature of equitable proceedings, and that the rights of the respective claimants should be determined according to equitable principles. *Coleman* v. *Slade,* 75 *Ga.* 63; *Cofer* v. *Benson,* 92 *Ga.* 795 (19 S. E. 56). Mere irregularities of procedure will not be allowed to defeat legal and equitable rights." *Ragan* v. *Coley & Bro.,* 4 *Ga. App.* 421, 428 (61 S. E. 862). It was conceded that the Northside Farmers Market owed the defendants in error Wright, Myers, and Cox the amount sued for in the distress warrant; and we are of the opinion that under the facts of this case as disclosed by the record and the principles of law applicable thereto the lessors were entitled to the fund in question and the trial judge did not err in so holding, and this is true irrespective of the reason assigned in his judgment.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. The judgment in the garnishment proceeding, unexcepted to, adjudicated that there was a valid levy upon the money. This judgment left the money in the hands of the marshal to be paid out according to law. Assuming that the liens of the respective parties were in the hands of the marshal, on a hearing on the money rule a finding for the plaintiffs in the distress warrant was demanded because the distress warrant was levied July 14, 1948 and the judgment in favor of William V. Harvey was rendered on August 3, 1948.