A90A2141. IN THE INTEREST OF H. T., a child.
(402 SE2d 83)

BIRDSONG, Presiding Judge.

Casey Holloway appeals the termination of his parental rights of the child H. T. Appellant contends the trial court erred in issuing a finding only that the child was deprived and that there is clear and

convincing evidence of present parental misconduct, while failing to make a finding that the deprivation is likely to continue or will not be remedied and is likely to cause serious physical, mental, emotional or moral harm to the child, pursuant to OCGA § 15-11-81 (b) (4) (A) (ii), (iii) and (iv); and while failing to find that termination of parental rights is in the best interest of the child, after proper consideration. *Held*:

As the appellee, the Georgia Department of Human Resources, points out, this court has held that the requirements of the Juvenile Court Code in regard to findings of fact are mandatory; and in the absence of such findings, appeals are to be remanded with direction that the trial court vacate the judgment, cause appropriate findings and conclusions of law to be made, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal. See *Upshaw v. Dept. of Family &c. Svcs.*, 144 Ga. App. 222 (241 SE2d 41); *Crook v. Ga. Dept. of Human Resources*, 137 Ga. App. 817, 819 (224 SE2d 806). This court has held that a dry recitation that certain legal requirements are met is insufficient to satisfy the requirements of the law with regard to termination of parental rights. *Beasley v. Jones*, 149 Ga. App. 317, 319 (254 SE2d 472). See *In the Interest of G. K. J.*, 187 Ga. App. 443, 444 (370 SE2d 490); *In the Interest of A. T.*, 187 Ga. App. 299, 301 (370 SE2d 48).

The attempts of the appellee Department in this case to rationalize why the trial court's order should be affirmed despite its deficiencies, merely prove appellant's point. When a court forever severs the bonds between natural parent and child, its official order must on its face prove adherence to the strict requirements of the laws authorizing this drastic act in specific cases. Appellate review of this action should not require inferential conclusions or even guided speculation as to the reasons for the judgment; equally important, the process of careful articulation is a powerful aid in the trial judge's adjudication. See *Spivey v. Mayson*, 124 Ga. App. 775, 776 (186 SE2d 154). We are not inclined to chisel away at this important safeguard.

Accordingly, this judgment is reversed and the case is remanded to the trial court for the findings of fact and conclusion of law required in these cases.

*Judgment reversed and case remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1991.

*Leigh G. Brogdon*, for appellant.

*Michael J. Bowers*, Attorney General, *Carol A. Cosgrove*, *William C. Joy*, Senior Assistant Attorneys General, *Margot M. Cairnes*,

*William F. Ladson, Jr.*, for appellee.

