A91A0910. IN THE INTEREST OF M. H. F., a child.
(410 SE2d 167)

CARLEY, Judge.

Appellant-father appeals from an order of the juvenile court terminating his parental rights with respect to his daughter.

The order of the juvenile court states, in part, "that the legislature has specified that a parental act of . . . not supporting a child for a period of twelve months or longer when directed by the Court to do so, . . . in itself is . . . sufficient to terminate parental rights if the Court finds it to be in the child's best interest." This is erroneous. The legislature has "specified" that, when it is in the best interest of the child, parental rights may be terminated if there is clear and convincing evidence that the parent "has *wantonly and willfully* failed to comply with [a child support] order for a period of 12 months or longer. . . ." (Emphasis supplied.) OCGA § 15-11-81 (b) (2). The juvenile court in the instant case made *no* finding that appellant wantonly and willfully failed to comply with a child support order for a period of 12 months or longer.

The order of the juvenile court further states, in part, that the child "is deprived at the hand of [appellant] for his having committed [certain specified] acts." However, clear and convincing evidence of the child's deprivation at appellant's hand, standing alone, will *not* authorize the termination of his parental rights. There must *also* be clear and convincing evidence that the child's deprivation at appel-

lant's hand "is likely to continue or will not likely be remedied; and [that] [t]he continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child." OCGA § 15-11-81 (b) (4) (A) (iii, iv). The juvenile court in the instant case made *no* such additional findings regarding the child's deprivation.

"[T]he requirements of the Juvenile Court Code in regard to findings of fact are mandatory; and in the absence of such findings, appeals are to be remanded with direction that the [juvenile] court vacate the judgment, cause appropriate findings and conclusions of law to be made, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal. [Cits.] . . . Accordingly, this judgment is reversed and the case is remanded to the [juvenile] court for the findings of fact and conclusion[s] of law required in [termination of parental rights] cases." *In the Interest of H. T.*, 198 Ga. App. 463, 464 (402 SE2d 83) (1991).

*Judgment reversed and case remanded with direction. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Lori C. Obenauf*, for appellant.

*Michael J. Bowers, Attorney General, Margot M. Cairnes, Brogdon & Green, J. Lou Green*, for appellee.