A93A0315. IN THE INTEREST OF C. K. M., a child.
(427 SE2d 585)

McMURRAY, Presiding Judge.

Appellant Muir appeals the order of the juvenile court terminating his parental rights in his eight-year-old daughter, C. K. M. *Held*:

Permanent custody of the child was granted to the mother by a divorce decree in 1985. Appellant was directed to pay child support in the amount of $40 per week and to maintain health insurance on the

child. At the time of the hearing appellant had failed to pay the child support or maintain the health insurance for a period just less than three years. There was ample evidence of appellant's financial resources during this interval to support the juvenile court's finding that the failure to comply with the order to pay child support for a period of more than 12 months was wanton and wilful. Compare *In the Interest of M. H. F.*, 201 Ga. App. 56 (410 SE2d 167). The juvenile court did not abuse its discretion in finding that there was clear and convincing evidence of parental misconduct and inability to care for the child. Any lack of evidence addressing the requisites stated in OCGA § 15-11-81 (b) (4) (A) (iv) is not germane to our review of the juvenile court's order since there was ample clear and convincing evidence to support the juvenile court's finding of parental misconduct and inability to care for the child as set forth in OCGA § 15-11-81 (b) (2).

Nor do we find any abuse of discretion in the juvenile court's finding that termination of appellant's parental rights is in the best interest of the child. In addition to appellant's failure to pay court ordered child support, the juvenile court was authorized to find that he has not made any bona fide attempt to make contact with the child in almost three years preceding the termination hearing. The evidence shows that appellant is an alcoholic who has ceased attempts at rehabilitation. When he last telephoned the child, appellant was drunk and told her he was not going to send her a gift. Three days prior to the termination hearing, appellant was in a bar with his other child. Also, appellant has a history of fighting connected with his drinking problem.

Appellant has abducted and absconded with C. K. M. in the past, and the mother of appellant's other child has taken out warrants against him for interference with custody. In view of the unstable lifestyle of appellant and the length of time since there has been any contact between appellant and C. K. M., the juvenile court could reasonably find that the resumption of contact would cause the child serious mental, emotional, and moral harm.

Finally, appellant cites *Morris v. Sheffield*, 214 Ga. 63 (102 SE2d 595) for the proposition that a "clean hands" doctrine is applicable to the case sub judice. *Morris* deals with the rule that a trial court may refuse to enforce child support provisions of a divorce decree at the behest of one who is refusing to comply with the same decree. This argument is apparently predicated on appellant's evidence that the mother, who initiated the termination proceeding, has withheld visitation with the child in retaliation for appellant's failure to pay child support. The theory advocated by appellant lacks merit under the facts of the case sub judice in that the juvenile court has attributed the lack of contact between appellant and the child to appellant's

failure to make any bona fide attempt to establish such contact rather than to any conduct of the mother.

*Judgment affirmed. Beasley and Cooper, JJ., concur.*

DECIDED FEBRUARY 3, 1993.

*Andrews & Seery, Stephen H. Andrews,* for appellant.
*McCollum & Rawlins, Elliott P. McCollum, Jr., Altman, Lane & Lilly, Roy M. Lilly, Jr.,* for appellee.