A93A0329. IN THE INTEREST OF K. M. H., a child.
(433 SE2d 117)

COOPER, Judge.

Appellant, the natural father of K. M. H., appeals from a judgment of the Cobb County Juvenile Court terminating his parental rights.

Appellant and appellee, the mother of K. M. H., were never married. Appellant has a history of alcohol and drug abuse with several unsuccessful attempts at rehabilitation. He admitted at the termination hearing that he was still "a very abusive drinker" and has "trouble controlling [himself] around drugs." Appellant also has an extensive criminal record, including convictions for forgery, financial transaction card fraud, possession of a firearm by a convicted felon, violation of the Georgia Controlled Substances Act, DUI and speeding as a habitual violator, and simple battery against appellee. During the five-and-one-half years of the child's life prior to the hearing, appellant was in jail more than he was out. For a while after K. M. H. was born, appellee voluntarily allowed appellant to visit with the child, generally at the home of appellant's mother. During one of these visits, the child broke her leg. Appellant was drunk but drove her to the hospital despite his intoxicated state. Once there, he realized that his intoxication, if noticed and reported, might result in revocation of his parole. He therefore left the hospital with his daughter before she was treated. As the result of this and other incidents, appellee stopped allowing visitation. Appellee testified that appellant never provided any child support; appellant testified that he paid $85 per month for child care for five months.

In 1988, appellant filed a petition for divorce in the Superior Court of Paulding County. The Paulding court denied the divorce on the ground that the parties were never married, awarded custody of the child to appellee, and ordered appellant to pay $35 per week in child support. In April 1991, after a hearing at which appellant had counsel but appellee did not, the same court held appellant in contempt for failing to pay child support but found that he was a "fit father and should have visitation rights with his daughter," with the first two months of visitation to be supervised by Cobb County DFACS. Appellant testified at the termination hearing that he tried

once to send appellee a payment of back child support but made no further attempts when the check was returned. He also attempted to set up visitation through the Cobb County DFACS but was unable to do so before he was again incarcerated on forgery charges seven weeks after the issuance of the Paulding County order. Appellant remained incarcerated from then until the termination hearing, and additional charges were still pending against him at that time. Although the Paulding court suggested in its order that appellant file a petition to legitimate K. M. H., he never did so.

1. Appellant argues that the evidence presented at the termination hearing was not sufficient to support the termination order. A trial court is authorized to terminate a parent's rights with respect to a child if there is clear and convincing evidence that the child is deprived due to the parent's misconduct, that the deprivation is likely to continue, and that the continued deprivation is likely to harm the child. OCGA § 15-11-81 (a), (b) (4) (A). The appropriate standard of review of the trial court's ruling is whether, viewing the evidence in a light most favorable to the appellee, a rational trier of fact could have found by clear and convincing evidence that the natural parent's rights had been lost. See *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821) (1982); *In the Interest of Y. P.*, 188 Ga. App. 554, 555 (373 SE2d 657) (1988). The facts recited above, established at the termination hearing by clear and convincing evidence, are more than sufficient to meet this standard.

2. Citing *Harvey v. Wright*, 80 Ga. App. 232 (2) (55 SE2d 835) (1949), appellant next contends that because his fitness as a father was conclusively established by the April 1991 Paulding County order, it was improper for the court in this case to consider evidence of appellant's misconduct prior to that time. However, the issue of whether appellant was a fit parent in April 1991 is not the same as the issue of whether the child was deprived as the result of parental misconduct in June 1992, so the doctrine of judicial estoppel discussed in *Harvey* does not apply. Our review of the record shows that the trial court gave due deference to the April 1991 finding of parental fitness. It primarily focused on appellant's misconduct subsequent to the issuance of the April 1991 order, including appellant's failure to comply with that order as well as his reincarceration due to his continued criminal activities. The court denied appellant's motion in limine to exclude all evidence of incidents prior to April 1991, reasoning that evidence of appellant's earlier criminal and irresponsible behavior which alone might not have rendered him unfit as a parent might nonetheless support a finding of parental misconduct when viewed in conjunction with evidence showing that his earlier criminal and irresponsible behavior continued. We agree with this reasoning. Moreover, the challenged evidence was relevant to whether appel-

lant's misconduct and the resulting deprivation of the child were likely to continue, an issue unique to the termination proceeding. See *In the Interest of S. K. L.*, 199 Ga. App. 731, 733 (1) (405 SE2d 903) (1991). Accordingly, the trial court did not err in failing to exclude this relevant evidence.

3. Appellant further argues that the trial court erred in failing to state in its order how the continued deprivation of K. M. H. resulting from appellant's misconduct is likely to harm the child. See *In the Interest of H. T.*, 198 Ga. App. 463 (402 SE2d 83) (1991); OCGA § 15-11-81 (b) (4) (A) (iv). Contrary to appellant's assertion, the trial court explicitly found that because of the continuing incarcerations of appellant, no meaningful relationship could develop between the father and child and "there is no likelihood the child would ever receive any financial or emotional support from the father." The trial court also found it likely that appellant would "place the interest of the child second to his own" due to his "fear of parole violations if and when he is ever released." It then went on to state, in the context of explaining the determinations it made pursuant to OCGA § 15-11-81, that appellant's convictions and incarcerations had "a demonstrable negative effect on the quality of the parent-child relationship." These findings and statements were sufficiently explicit to support termination. See *In the Interest of G. T. T.*, 199 Ga. App. 706 (2) (405 SE2d 750) (1991).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur but am compelled to point out that conviction of crime and incarceration alone, even repeated, would not be sufficient in and of itself to warrant termination of parental rights. Legal termination of the parent-child relationship cannot be used as additional punishment or as conclusive evidence that termination is in the best interest of the child, under OCGA § 15-11-81. See *In the Interest of H. L. T.*, 164 Ga. App. 517 (298 SE2d 33) (1982).

DECIDED JUNE 24, 1993.

*Michael H. Saul*, for appellant.
*Jane P. Manning, James K. Knight, Jr.*, for appellee.