# Court of Appeals
# of the State of Georgia

ATLANTA,  February 23, 2015

*The Court of Appeals hereby passes the following order:*

**A14A2137. IN THE INTEREST OF R. D., a child.**

In this case, the mother appeals from an order issued by the Juvenile Court of Douglas County granting permanent guardianship of her son, R. D., to R. D.'s maternal aunt. On appeal, the mother contends, among other enumerations, that the juvenile court's order was deficient because it failed to make an explicit finding of fact and conclusion of law that reasonable efforts to reunify R. D. with his mother would be detrimental to the child, as required by former OCGA § 15-11-30.1 (a) (2) (A).[1]

OCGA § 15-11-30.1 (a) (2) (A) provides that prior to the entry of an order appointing a permanent guardian, the juvenile court *shall*

(i) Find that reasonable efforts to reunify the child with his or her

---

[1] On January 1, 2014, the new Juvenile Code went into effect and permanent guardianships are now codified at OCGA § 15-11-240. See Laws 2013, Act 127, § 5-1 (providing that Georgia's new Juvenile Code, including OCGA § 15-11-240, "shall become effective on January 1, 2014, and shall apply to all . . . juvenile *proceedings commenced on or after* such date. . . ") (emphasis supplied). However, because the maternal aunt's petition for permanent guardianship was filed on November 19, 2013, we examine the case under Georgia's former Juvenile Code section addressing permanent guardianships, OCGA § 15-11-30.1. See OCGA § 15-11-16 (a) (3) ("A proceeding under this chapter may be commenced . . . by the filing of a complaint or a petition. . .").

parents would be detrimental to the child in accordance with subsection (h) of Code Section 15-11-58 or find that the living parents or parent of the child have consented to the permanent guardianship; (ii) Find that termination of parental rights and adoption . . . is not in the best interest of the child; (iii) Find that the proposed permanent guardian can provide a safe and permanent home for the child; [and] (iv) Find that the appointment of a permanent guardian for the child is in the best interest of the child and that the individual chosen as the child's permanent guardian is the individual most appropriate to be the child's permanent guardian taking into consideration the best interests of the child. . .

Although the court's order noted that the mother "does not dispute that she cannot provide for [R. D.] at this time and must address her own issues," and that the mother had "problems with both substance abuse and untreated mental health[,]" the order does not specifically conclude that the court found that reasonable efforts to reunify R. D. with his mother would be detrimental to him, as required by the permanent guardianship statute. Although this issue has not yet been addressed in the context of permanent guardianships, in *Ray v. Hann*, 323 Ga. App. 45 (746 SE2d 600) (2013), this Court determined "that a judgment having such a final, ultimate and significant result of severing the rights of a parent to a child must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination." (Citation and punctuation omitted.) Id. at 50 (2) (discussing step-father's petition to adopt child and terminate rights of biological father). We similarly conclude that strict compliance with the statutory criteria set forth in OCGA § 15-11-30.1 (a) (2) (A) is mandatory, and that such compliance has not been achieved in this case. Accordingly, we remand this case to the juvenile court with directions to vacate the judgment, enter appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal. See, e. g., *In the Interest of M. H. F.*, 201 Ga. App. 56 (410 SE2d 167) (1991).



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____02/23/2015_____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*