## ROBERTS *v.* JOHNSON, executor, *et al.*

1. In an action against the executor of the will of a decedent, to recover damages for a breach of an alleged parol contract by the decedent to execute a will in favor of the plaintiff in consideration of services to be rendered by him, the plaintiff is not a competent witness to testify that he returned to the home of the decedent "pursuant to a contract" she entered into with him. Such testimony involved a transaction with the decedent within the meaning of the Civil Code (1910), § 5858.

2. The court did not err in refusing to permit a witness to testify that in his opinion the plaintiff's services were worth so many dollars per annum, because the witness knew that plaintiff could have earned the sum stated " in similar lines " of work, and had declined offers of similar amounts during the period in question. The question to be determined was, what was the value of the particular service rendered by plaintiff to the deceased. The evidence offered was not relevant upon this question, nor did the court err in excluding other testimony complained of in the motion for new trial. All of the evidence excluded was irrelevant to any issue in the case.

3. The action being. to recover damages for breach of an alleged express parol contract to make a will in the plaintiff's favor, and not for compensation as upon an implied contract to pay for services rendered, if the refusal of the decedent to comply with the contract was justified by the plaintiff's previous breach of the contract, he was not entitled to recover any amount as compensation for services rendered.

4. There was no error harmful to the plaintiff from the charge complained of, nor did the court err in refusing the requests to charge, set forth in the motion for new trial. There was evidence to authorize the verdict.

No. 2503. FEBRUARY 18, 1922.

Equitable petition. Before Judge Hardeman. Emanuel superior court. January 20, 1921.

*A. S. Bradley,* for plaintiff.

*J. Alex. Smith & Son,* for defendants.

FISH, C. J. A. J. Roberts sued Mrs. Sarah Spence, alleging that about the year 1909 the defendant made a contract with the plaintiff, by the terms of which he was to live with defendant, take charge of all her interests, and care for her during the balance of her life, in consideration of which defendant agreed to make a will giving all her property to plaintiff. The petition alleges plaintiff complied fully with his part of the contract, that defendant did make a will giving to plaintiff her property, but afterwards revoked it by executing another will in which the property was given to other persons. Pending the action Mrs. Spence died, and the executor named in the last will was made party defendant. The executor in his answer denied the execution of the contract, and the performance of services as alleged by the plaintiff; and averred that plaintiff had breached the contract himself, if any contract was ever made, by failing to take proper care of the testatrix, and that the plaintiff's conduct was such as to justify the testatrix in refusing to comply with the agreement, if it were made. On the trial a number of witnesses testified for

each side. There was a verdict for the defendant. The plaintiff's motion for new trial was overruled, and he excepted.

1. The plaintiff offered to testify, that he went to live with his aunt, the testatrix, when a boy, some twenty-five years before the trial; that he lived there continuously after the death of her husband until the year 1907, when he left and followed other pursuits; that at the first of the year 1909 he returned to the home of the testatrix and lived there continuously until the fall of the year 1917; that when he returned to the home of the testatrix in the year 1909, he returned there " pursuant to a contract " entered into with her. The court refused to admit this testimony, upon the ground that the witness was incompetent to testify to any transaction with the testatrix, she being dead and her legal representative being a party to the case. The court was clearly right in this ruling. Manifestly, the plaintiff could not testify that he returned to his aunt's home in 1909, " pursuant to a contract " entered into with her. This would be equivalent to permitting him to testify that he had a contract with the deceased, and would violate both the letter and spirit of the rule. Civil Code (1910), § 5858. The other portion of the evidence objected to was clearly irrelevant and did not illustrate any issue in the case, and was properly excluded for that reason.

2. It is also complained that the court refused to permit a witness for plaintiff to testify that in his opinion the value of the services of the plaintiff under the contract which he claims to have entered into with his deceased aunt was from $800 to $1,000 per annum, because the witness knew that the plaintiff could have earned that much money " in similar lines " of work, and had declined offers of such amounts during the period in question. While it is competent for a witness to give his opinion as to the value of service of the nature claimed to have been performed by the plaintiff and to give his reasons for such opinion, it was not permissible for this witness to state that the plaintiff could have earned a certain sum of money in similar lines of work elsewhere, and that he had declined offers of similar amounts during the period in question. The point at issue was, what were the particular services rendered by the plaintiff to his aunt worth during the period in which he claims the services were rendered? What he could have earned in similar lines of work elsewhere, and

the fact that he had declined offers of similar amounts from other people, did not illustrate the value of the particular service rendered by him to his aunt.

It is also complained that the court refused to permit another witness for the plaintiff to testify that Mrs. Spence had sold, in the fall of 1917, a tract of land for $400, which was actually worth $3,000. This evidence was entirely irrelevant and threw no possible light on the question whether such a contract as the plaintiff claimed had been entered into, and, if so, what damages he had sustained by reason of its breach. The same is true of the ruling of the court excluding a power of attorney which Mrs. Spence had executed to W. P. Ivey in 1917, giving him full authority to manage and control her business affairs. There was likewise no error in excluding the testimony referred to in the tenth ground of the motion, that a certain person had endeavored to procure a turpentine lease from Mrs. Spence, and she refused to lease it to him because he had previously taken up a fi. fa. against her and had it levied on her land.

3. The charge complained of in the eleventh ground of the motion correctly stated the law applicable to the case and the issues involved, and was not error for any reason assigned. One of the specific assignments of error upon this extract from the charge, which is quite lengthy and need not be set out in full, is that the judge submitted to the jury the question whether or not the plaintiff had received sufficient compensation for services actually rendered by him up to the time of his discharge. It is insisted that there is no evidence in the record to show that the plaintiff received any compensation. We agree that the judge ought not to have submitted this issue to the jury, but not for the reason contended for by the plaintiff in error. The contract set out in the plaintiff's petition and relied on by him was that he would take care of his aunt and her property during her entire life, and that if he complied with this agreement she would, at her death, give to him all of her property. The main and controlling question in the case is whether such a contract had been made, and, if made, whether the testatrix was liable in damages for its breach. The judge submitted to the jury clearly and distinctly the contentions of the plaintiff, and also the contention of the defendant that the plaintiff's conduct had been such as to justify Mrs.

Spence in refusing to carry out her part of the contract. If the plaintiff violated his contract at any time before the death of Mrs. Spence, and neglected her and her business affairs, and mistreated her, as the jury were authorized to find from the evidence, he was not entitled in this action to recover anything for a breach of this contract. He sued expressly on the contract, and not for compensation as upon an implied contract to pay for services rendered by him. Therefore his right to recover anything depended absolutely upon his proving that the contract alleged in his petition was made and that Mrs. Spence wrongfully refused to carry it out. What has just been said makes it apparent that the court committed no error in refusing the requests to charge, set forth in the twelfth and thirteenth grounds of the motion.

4. The evidence fully authorized the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*