PADGETT *v.* GADDIS *et al.*

1. Under the evidence in the case the court erred in directing a verdict for the defendant. Under the pleadings and evidence, the case should, under proper instructions of the court, have been submitted to the jury.
2. In a suit against one who is an executrix and heir of a decedent, the defendant is not incompetent as a witness to testify in favor of the testator's estate as to transactions between the decedent and the plaintiffs. And the other party to the case was competent as a witness to deny and controvert the testimony thus given by the executrix, but was not competent to testify as to other transactions between himself and the decedent whose executrix was a party to the suit.
3. A purchaser of land from the decedent referred to was not an incompetent witness to testify as to improvements made upon the land, though the husband of such purchaser, who had been her agent in purchasing the land and making the improvements, was dead.

No. 3482. SEPTEMBER 11, 1923.

Equitable petition. Before Judge Wright. Floyd superior court. October 10, 1922.

*Harris & Harris,* for plaintiff.

*M. B. Eubanks* and *Porter & Mebane,* for defendants.

BECK, P. J. T. H. Padgett brought his equitable petition against Mrs. V. H. Gaddis and Mrs. Emma Conn, executrix of the estate of C. L. Conn, seeking to have a certain tract of land declared and adjudged to be the property of petitioner, and that certain deeds executed by C. L. Conn be decreed to be void and of no effect. At the conclusion of the evidence the court directed a verdict in favor of the defendants, and the plaintiff excepted.

1. The evidence in this case shows that the plaintiff bought the property in controversy April 1, 1912, receiving a deed conveying the same to himself. On the same day he executed his deed conveying the land to W. P. Simpson to secure a debt of $300. The evidence in regard to this transaction was that "defendants introduced in evidence a warranty deed to secure debt, dated April 1st, 1912, from T. H. Padgett to W. P. Simpson, same to secure a loan of three hundred dollars, evidenced by three notes of same date: one for $119.00, due December 15, 1912; one for $116.00, due December 15, 1913; one for $108.00, due December 15, 1914, with 8% per annum from maturity, said deed conveying to said W. P. Simpson by said T. H. Padgett, as security for said loan," the property in controversy. There was some evidence in the case from which the jury might have inferred and were authorized to

find that the debt, or a part of the debt, for the payment of which the security deed had been executed, had been paid. If it had all been paid, the plaintiff was entitled to a verdict in his favor; if only a part of it, neither the plaintiff nor the defendants would have been entitled to a general verdict, but to a verdict fixing the amount still due and a decree adjudging that this amount be a lien upon the land. But it is insisted in this case that the verdict in favor of Mrs. Gaddis was demanded, because she was an innocent purchaser without notice of the equity now set up by the plaintiff. The reply to this contention is, that the deed from the plaintiff to Simpson showed that it was executed to secure the payment of a debt, and this deed, being a part of her chain of title, was of itself notice to her. And then the executors of Simpson conveyed to Mrs. Gaddis's vendor by a quitclaim deed. We infer from that part of the evidence which we have quoted above that the deed from Padgett to Simpson recites that it was a deed to secure the payment of the three notes referred to. If that recital appears in the deed, it was, as stated above, notice to Mrs. Gaddis. If it is not so recited in the deed, it would not, of course, be notice to her. We are basing what we are ruling here, however, on the assumption that the recital is contained in the deed. We are therefore of the opinion that the case should, under proper instructions, have been submitted by the court to the jury; and it was error to direct a verdict in favor of the defendants. It may be that the element of estoppel is in the case, on account of valuable improvements which the plaintiff allowed the defendant, Mrs. Gaddis, to put upon the premises. If there be such evidence authorizing it, the court can submit this question of estoppel to the jury at the next trial of the case.

2, 3. The rulings made in headnotes 2 and 3 require no elaboration.          *Judgment reversed. All the Justices concur.*