16985.  BANKERS TRUST AND AUDIT COMPANY *v.* FARMERS AND
MERCHANTS BANK.

JENKINS, P. J.  Under the answers returned by the Supreme Court to the
questions certified to it in this case (163 *Ga.* 352, 136 S. E. 143), the
court did not err in sustaining the general demurrer to the plaintiff's
petition.            *Judgment affirmed.  Stephens and .Bell, JJ., concur.*

DECIDED JANUARY 24, 1927.

Complaint; from Twiggs superior court—Judge Camp.  November 5, 1925.

From the petition it appears that the plaintiff, Bankers Trust
and Audit Company, rendered services as financial agent to the
defendant, Farmers and Merchants Bank, under a five-year contract dated December 6, 1920, until December 31, 1922, when, it
was alleged, the defendant discharged the plaintiff and refused to
permit it to perform its duties as financial agent.  The plaintiff
sued for the amount of the subsequent payments provided for in
the contract.  The demurrer to the petition was on the following
grounds:  (1) No cause of action is set out.  (2) The contract
is unilateral and unenforceable.  (3) The contract is without consideration.  (4) It affirmatively appears that there is no liability
on the part of the defendant.

The contract was in the form of a resolution of the stockholders
of the bank, signed by its president and cashier, followed by a writing signed on the part of the plaintiff, accepting "the above employment and appointment upon the terms and at the salary and
for the period therein named."  The resolution, after appointing
the plaintiff as financial agent of the bank for a term of five years,
provides, that "its duties as such agent shall be to check and examine the books, papers, and business of the said bank at such
times as it may deem proper, to make financial connections and
secure correspondents for the said bank;" and, "it being necessary
to the satisfactory discharge of these duties that there shall be perfect harmony between the cashier of the said bank and Bankers
Trust and Audit Company, it is resolved that the said company
shall have the full power and plenary jurisdiction over said cash-

ier, with the right to discharge him whenever the said company deems it necessary and to the best interests of said bank to so discharge him, and . . that this shall be made a part of the by-laws of the bank, that no cashier shall be elected for and during the term of this contract who shall not first produce the written approval of the said company with a recommendation that he be elected to the office of cashier;" that "for these services to be rendered as such financial agent and for services already rendered and to be rendered in promoting and organizing said bank, said company shall be paid the sum of $500 per annum, payable quarterly, said payments to extend for and during the term of five years, beginning December 6, 1920, and ending December 6, 1925;" that "this authority and appointment to act as such agent and the obligations of the said bank to pay such salary shall be binding on the part of the bank for and during the said period, but should the said company at any time become dissatisfied with the management and operation of the said bank, then it may terminate its contract and take such steps as it may deem proper to sever its connection with and dispose of its interest in said bank;" that "this resolution and acceptance of said employment for the term of such agent at the salary herein named shall have all the force and effect of a contract between the said company and the said bank, and shall be spread upon the minutes of said bank," etc.

The questions certified by the Court of Appeals to the Supreme Court were:

"1. Is a contract entered into by a duly organized bank for the future payment of a salary to its fiscal agent lacking in consideration in so far as the recited consideration relates to services already rendered and to be rendered in promoting and organizing said bank?

"2. Would such portion of the recited consideration be invalid for the reason that the promise based thereon contravenes public policy, in that it seeks to charge the assets of the bank with payment for services of such character?

"3. Is the contract lacking in mutuality, so far as it relates to payment for services to be rendered by the fiscal agent, because of its provision that, 'should the said company [the fiscal agent] at any time become dissatisfied with the management and operation of the said bank, then it may terminate its contract and take such

steps as it may deem proper to sever its connection with and dispose of its interest in said bank.'"

Questions 1 and 3 were answered in the affirmative. As to the other question the Supreme Court said: "It can not be said, from the facts disclosed, that a recited consideration in a contract based on services already rendered and to be rendered in promoting and organizing a bank contravenes public policy."

*Clement & Campbell,* for plaintiff.

*R. A. Harrison, H. P. Griffin Jr.; Jones, Park & Johnston,* for defendant.