26845. STEWART v. STEWART.

HAWES, Justice. Mrs. Stewart sued her husband for alimony and separate maintenance. He filed a counterclaim seek-

ing a total divorce. Upon the trial of the case, the jury returned a verdict awarding him a total divorce and making provisions for the division of property between the parties. One item which the jury divided equally between the parties was a savings account in the amount of $14,085.55. This appeal involves only the issue of whether the jury was authorized by the evidence to make such a division of that savings account. Mrs. Stewart contended that the money represented by that savings account was her separate property which had been given to her by the defendant. She contended that the money in that account came from allotment checks which had been made out to her by the Government while the defendant was a member of the Armed Forces of the United States. However, there was ample evidence in the record to authorize the jury to find that the money in that account did not come directly from that source but was deposited from time to time in various savings accounts jointly held by the parties from funds which had been previously deposited in their joint checking accounts from time to time. The defendant denied any intention of making a gift of the funds represented by the savings account in question to the plaintiff. *Held:*

In order for there to be a valid gift there must be proof of the present intention to give, a complete renunciation of right, by the giver, without power of revocation, and a delivery of the article given or some act accepted in law in lieu thereof. *Mims v. Ross,* 42 Ga. 121, 123; *Wallace v. Moore,* 219 Ga. 137 (132 SE2d 37); *Code* § 48-101. The deposit of money in a bank in a joint checking account or subject to demand of another where the depositor also retains the right to jointly or severally demand and receive the funds so deposited, nothing else appearing, is not such a surrender of dominion over the funds thus deposited as to satisfy the requirements of delivery for the making of a gift. *Clark v. Bridges,* 163 Ga. 542 (136 SE 444). The evidence in this case would have authorized the jury to find that the funds represented by the sav-

ings account in question were derived from several accounts which had been held jointly by the parties and that the funds in those savings accounts had been deposited by the parties from time to time from their joint checking account; and, further, all of the funds deposited in the joint checking account came from the earnings of the defendant husband, and were deposited in joint accounts solely for the convenience of enabling either of the parties to draw therefrom for family purposes. Under these circumstances, the evidence was at least sufficient to authorize the jury to find that the funds of the disputed savings account were the joint property of the parties and were not a part of the separate estate of the wife. It follows that the evidence authorized the jury to divide the funds equally between the parties and the trial court did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*
SUBMITTED NOVEMBER 8, 1971—DECIDED JANUARY 6, 1972.

*Frank M. Gleason,* for appellant.
*Lindsay H. Bennett, Jr., David P. Daniel,* for appellee.