## 38025. McCREERY v. RSA MANAGEMENT, INC.

SMITH, Justice.

Appellee, RSA Management (RSAM), filed an action for specific performance of a stock repurchase agreement the corporation had entered into with appellant McCreery. The agreement obligated appellant to sell back to RSAM certain stock he had received in the corporation in the event his employment with RSAM was terminated. McCreery was "fired" by the RSAM chairman of the board on June 14, 1979, and this action "ratified" by the board on January 30, 1980.

McCreery contends that, since RSAM was insolvent at all times pertinent to this litigation, the stock repurchase provisions were unenforceable under Code Ann. § 22-513. In a counterclaim, McCreery asserts that he is entitled to his salary from June 15 to January 30 because 1) under Code Ann. § 22-712 (a) and RSAM's bylaws, the chairman had no legal authority to fire him and 2) the "ratification" by the board could not relate back to June 15.

The facts of this case are largely undisputed. In 1977, RSAM was formed by several individuals in order to secure certain types of reinsurance business for a larger group of companies. McCreery was hired as president of the company, by the board, was made a member of the board of directors, and was issued 20 per cent of the outstanding shares of the company, for which he paid $200.00.

In time, however, McCreery fell into disfavor with the other members of the board of directors. At the regular annual meeting of the board of directors held in January, 1979, RSAM's board chairman, Neal Irby, expressed dissatisfaction with McCreery's work performance and told him he would have to do better. Irby testified that McCreery promised to improve his performance.

Apparently, McCreery's performance did not improve to the satisfaction of Irby or others at RSAM. In mid-June, 1979, Irby confronted McCreery and told him that he was fired. McCreery gathered up his personal belongings and left his office. He has not worked for RSAM or any related company since.

The RSAM bylaws provide that the board of directors shall elect the president of the company (Paragraph 4.1) and that any officer elected by the board "may be removed by the Board whenever in its judgment the best interests of the corporation will be served thereby (Paragraph 4.8). See Code Ann. § 22-711 (a), 712 (a). Apparently because of these provisions, the directors other than McCreery signed "unanimous consents" between July and December, 1979, purporting to ratify the act of Irby in firing McCreery. At the next regular board of directors meeting, held in January, 1980, proper

notice was given to McCreery and once again the board voted to ratify Irby's action in firing McCreery.

Subsequent to his discharge, the company sought to recover from McCreery his 200 shares of stock. McCreery refused to surrender the shares notwithstanding the company's offer to pay him the $200.00 he had paid to obtain the stock. Upon filing this action for specific performance, RSAM paid $200.00 into the registry of the trial court.

Article 1.01(a) of the repurchase agreement executed by McCreery and RSAM provides: "In the event of the termination for any reason, other than by reason of death or disability, of the Shareholder as an employee of the Corporation, then and in such event the Corporation shall be obligated to purchase all of the Shares from the Shareholder at a purchase price equal to the book value per share determined as of the end of the month in which such termination occurs in accordance with generally accepted accounting principles applied on a consistent basis, and the Shareholder shall be bound to sell all of the Shares to the Corporation at such purchase price and upon the terms and conditions hereinafter set forth in this Article One." RSAM was in a negative net worth position throughout the period in question and the "book value" of a share of RSAM stock was $0.00. See *Cates v. Cates,* 217 Ga. 626 (124 SE2d 375) (1962); Code Ann. § 22-102 (p).

After a bench trial, the trial court found for RSAM on both the main claim and the counterclaim, ruling that Code Ann. § 22-513 was not a bar to enforcement of the stock repurchase agreement and that the "ratification" by the board related back to June 15, thereby depriving appellant of any right to his salary in the interim. For reasons which follow, we affirm on the main claim and reverse on the counterclaim.

1. Code Ann. § 22-513 (b) provides that "[a] corporation shall purchase its own shares only out of unreserved and unrestricted earned surplus available therefor, and, if the articles of incorporation so permit or with the affirmative vote of the holders of a majority of the outstanding shares entitled to vote thereon, to the extent of unreserved and unrestricted capital surplus available therefor." Under subsection (e), "[n]o purchase of or payment for its own shares shall be made for any purpose at a time when the corporation is insolvent or when such purchase or payment would make it insolvent, or would reduce the net assets below the aggregate amount payable to the holders of shares having senior or equal preferential rights to the assets of the corporation upon liquidation."

There is no question that "[t]he purpose of these statutes is the protection of corporate creditors and other shareholders." 6A

Fletcher Cyc. Corp., § 2849, p. 360; see, e.g., Witter v. Triumph Smokes, Inc., 464 F2d 1078, 1080 (5th Cir. 1972). In view of this purpose, we conclude that the decree of specific performance in this case was not erroneous under Code Ann. § 22-513, notwithstanding RSAM's insolvency. The book value of the stock in question was $0.00 and, as the trial court found, no creditors or other shareholders could be injured by the enforcement of the stock repurchase agreement because no actual payment of corporate funds was required thereunder. Manifestly, Code Ann. § 22-513 was not intended to cover a situation such as this.[1]

2. We disagree with the trial court's ruling that the "ratification" of appellant's firing related back to the date appellant was "fired" by the RSAM chairman of the board. The firing was clearly illegal under both the RSAM bylaws and Code Ann. § 22-712 (a), which provides: "An officer or agent elected or appointed by the board of directors may be removed by the board whenever in its judgment the best interests of the corporation will be served thereby."

While there is not an abundance of discussion on this point, existing authorities appear to be in accord that the "ratification" of the illegal firing of an officer does not operate to deprive the officer of his salary from the date of the illegal firing to the time of ratification. Essential Enterprises Corp. v. Automatic Steel Products, 39 Del. Ch. 371 (164 A2d 437) (1960);Keil v. Fred Medart Mfg. Co., 46 SW2d 934 (Mo. App. 1932); Gentry-Futch Co. v. Gentry, 90 Fla. 595 (106 S 473) (1925); Anno., 82 ALR2d 965; 19 AmJur2d, Corporations § 1112; 19 CJS Corporations § 738.

We adopt this position. "Any other action would tend to encourage undesirable action by those [im]properly assuming control. It would also place an undue burden on officials who feel that they should resist activity which they consider to be illegal." Essential Enterprises Corp. v. Automatic Steel Products, supra at 375.

The judgment on the counterclaim is reversed.[2]

---

[1] In addition to holding that the repurchase provisions were specifically enforceable, the trial court also exercised its "equity powers" and ordered that the $200.00 which RSAM had deposited into the court registry at the inception of the action be paid to McCreery even though such payment was "not literally necessary in this case." The propriety of this payment is not at issue in this appeal — appellant challenges the enforceability of the repurchase agreement and not the gratuity awarded him by the court.

[2] We express no opinion at this time as to whether or, if so, how much salary appellant is entitled to recover. Our holding is limited to the issues raised in this appeal.

46

*Judgment affirmed in part; reversed in part. All the Justices concur.*

Decided February 17, 1982.

*Richard H. James & Associates, Richard H. James,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Robert W. Beynart, E. Kendrick Smith,* for appellee.