## 64085. BULLOCK v. BULLOCK.

QUILLIAN, Chief Judge.

This action was brought in Paulding Superior Court by James W. Bullock against Eugene Bullock, executor of the estate of J. Bennett Bullock, deceased. The complaint sought to recover damages for breach of an oral contract made by Bennett Bullock to convey by will all of his property to the plaintiff in return for services performed by the plaintiff during Bennett Bullock's life.

The defendant executor answered the complaint, denying its material allegations, and moved for summary judgment on the grounds that there was no genuine issue of material fact. The plaintiff filed affidavits in opposition to the motion and the matter came on for a hearing, after which the trial judge granted the defendant's motion. The plaintiff appealed to the Supreme Court which transferred the case to this court. *Held:*

1. "Where a party in whose favor the will is to be made has performed his part of the contract and the other party dies without making the will, or leaves a will in which there is no provision which can be construed as a compliance with the agreement, or leaves a will which in its terms complies with the contract but which is invalid for some reason, the disappointed party may apply to a court of equity for a specific performance of the contract, if it was one of such a nature that a court of equity could require specific performance, and if not, and the contract was one dealing with property, equity would award damages as for a breach of the contract; or the disappointed party may sue at law for damages for a breach of the contract to make a will in accordance with the agreement; or, if the consideration of the contract was personal services rendered to the intestate, the surviving party may waive his rights under the contract and bring an action at law on a quantum meruit for the value of the services, relying upon the implied promise of the law in such cases." *Banks v. Howard,* 117 Ga. 94, 96 (43 SE 438). Accord, *Brogdon v. Hogan,* 189 Ga. 244, 249 (5 SE2d 657).

Since, by transferring this case, the Supreme Court has eliminated all vestiges of equity we are concerned with plaintiff's right to recover for breach of contract.

2. The sole enumeration of error addresses the issue of whether the trial judge erred in granting defendant's motion for summary judgment.

"There can be no doubt that a contract to make a will, for a valuable consideration, is valid and if breached can be enforced against the estate . . . Such an agreement will be enforced even though oral where the party in whose favor the will was to be made has

performed his part of the contract." *Rigby v. Powell,* 233 Ga. 158, 159 (4) (210 SE2d 696).

In order to sustain his position, the plaintiff filed two affidavits — one by himself and one by his wife. Each contained alleged statements by the deceased regarding the purported oral contract. The trial judge in his order granting summary judgment held that the plaintiff's affidavit by which he related statements of the deceased violated the "Dead Man's Rule," Code Ann. § 38-1603 (Code § 38-1603 as amended Ga. L. 1953, Nov. Sess., pp. 319, 320), which was repealed in 1979 but remained effective as to "transactions and occurrences" prior to that time.

The trial judge did not find that the wife's recitation of events and statements violated Code Ann. § 38-1603 but that they related to an alleged promise for past services rendered to the deceased by plaintiff. Citing *Bankers Trust &c. Co. v. Farmers & Merchants Bank,* 36 Ga. App. 317 (136 SE 480) for the proposition that "the general rule is that a past consideration will not support a subsequent promise," the trial judge found that past services constituted the consideration for the alleged promise of the deceased and thus was unenforceable under *Bankers Trust &c. Co. v. Farmers & Merchants Bank,* supra, and *Whitmire v. Watkins,* 245 Ga. 713 (267 SE2d 6).

(a) Apparently, the statements in the case sub judice involved transactions and occurrences which were post-1979 and therefore controlled by the Code section. However, in *Rigby v. Powell,* 233 Ga. 158, 162 (7), supra, the Supreme Court found that application of former Code Ann. § 38-1603 would not be decisive on a motion for summary judgment. The court held: "The appellant's testimony as to transactions with his deceased wife would not be admissible, over objection, on the trial, under Code Ann. § 38-1603 (1). However, such testimony is admissible under certain circumstances, and is not without probative value. *Wood v. Isom,* 68 Ga. 417 (5); *Dowling v. Doyle,* 149 Ga. 727, 731 (102 SE 27); *Padgett v. Gaddis,* 156 Ga. 385 (2) (119 SE 525). See *Roberts v. Johnson,* 152 Ga. 746 (111 SE 194). On summary judgment the court is concerned only with whether there is a genuine issue of fact for determination and not with the difficulty the appellant may have in proving his case." Here, the plaintiff's affidavit in addition to treating with conversations with the deceased, also points out the names of others who were allegedly privy to the subject of such conversations. Therefore, under the principles of *Rigby,* supra, summary judgment would not be proper here.

(b) For yet another reason, we disagree with the result reached by the trial judge. While recognizing the authority cited as to past

consideration, we find the trial judge erroneously interpreted the affidavit of plaintiff's wife and thus made an improper determination as to the facts.

No principle of law is better established than that found in *Ringer v. Lockhart,* 240 Ga. 82, 83 (239 SE2d 349): "All evidence and materials submitted on motion for summary judgment, including the testimony of the parties, must be construed most strongly against the movant."

With that principle in mind we now consider the affidavit of plaintiff's wife. The following statement is found in paragraph 3 of the affidavit: "At an occasion in the late 1960's, J. Bennett Bullock stated to me that my husband, James W. 'Billy' Bullock was going to be left all of his property upon his death, as my husband had faithfully performed his part of an agreement to look after the needs of J. Bennett Bullock during J. Bennett Bullock's lifetime." Another pertinent recitation concerning the agreement is found in paragraph 8 which reads: "When J. Bennett Bullock stated to me that my husband was to have all of J. Bennett Bullock's worldly possessions when he passed on, as a result of husband's fulfilling his commitments to J. Bennett Bullock, J. Bennett Bullock specifically mentioned that all of his property and savings were to become my husband's."

It is urged that such proof relates to a present promise for past services or consideration. However, it might just as readily be interpreted to the effect that the deceased told affiant about past services performed for a past but contemporary promise. In other words, he was revealing to her that a prior agreement had been, and was being carried out and was at the time complete and therefore enforceable, even though the deceased had not at that time fulfilled his part of the agreement. The language ascribed to the deceased does not say merely that plaintiff has performed past services for me and because of that I will now leave him my property (the situation in *Whitmire v. Watkins,* 245 Ga. 713, supra). Instead it refers to services which were performed under an agreement. We reiterate and emphasize the language contained in the affidavit: "J. Bennett Bullock stated to me that my husband, . . . was going to be left all of his property upon his death, *as my husband had faithfully performed his part of an agreement to look after the needs of J. Bennett Bullock during J. Bennett Bullock's lifetime."* (Emphasis supplied.)

Construed as has been outlined above, the statements related to a viable contract. Since this is a reasonable construction of the words employed, although admittedly not the only one, we adopt that view on summary judgment. The proof offered failed to show the contract was unenforceable and it was error to grant summary judgment to the

defendant.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 28, 1982.

*Barry Staples, Mark A. Johnson,* for appellant.
*Donald B. Howe, Jr.,* for appellee.