### 40454. GREGORY v. GREGORY et al.

WELTNER, Justice.
Father and son were sole shareholders and directors of J. T. Gregory & Son, Inc. Together, they ran the company until 1966, at which time the father accepted other employment. Several years later the father filed suit, claiming ownership of the majority of shares of J. T. Gregory & Son, Inc. The son maintained that the father gave to him these shares upon leaving the employ of the company. At the close of the evidence, the trial court denied the father's motion for directed verdict as to the claimed gift of shares, and the jury returned a special verdict in favor of the son. The father appeals, alleging as error, *inter alia,* the denial of his motion for directed verdict.

"In order for there to be a valid gift there must be proof of the present intention to give, a complete renunciation of right, by the giver, without power of revocation, and a delivery of the article given or some act accepted in law in lieu thereof." *Stewart v. Stewart,* 228

Ga. 517, 518 (186 SE2d 746) (1972). OCGA § 44-5-80 (Code Ann. § 48-101).

Here, the son testified that he believed his father intended to give to him the shares: "[My father] said, 'I'm leaving, going to Atlanta, and you can do whatever you want to with [the company].'" The father insists that he intended only that his son manage the company. It is undisputed that the son never received the shareholder certificates from his father. Further, both parties agree that the certificates and documents of incorporation of the company are no longer in existence.

The transcript shows that the corporate minutes, signed by both parties, and the federal tax records of the company continued to name both father and son as shareholders, even though the father had left the company's employ. Also, an agreement executed by father and son in 1969 names both as shareholders.

Following *Stewart v. Stewart,* supra, we find no evidence of either intent or delivery. The trial court should have granted the father's motion for directed verdict.

*Judgment reversed. All the Justices concur, except Gregory, J., who dissents.*

DECIDED FEBRUARY 15, 1984 —
REHEARING DENIED FEBRUARY 28, 1984.

*Dickens, Mangum, Burns & Moore, G. L. Dickens, Jr.,* for appellant.

*Tom W. Daniel, Jesse Copelan, Jr.,* for appellees.