## 72007. BULLOCK v. BULLOCK et al.
(343 SE2d 121)

BANKE, Chief Judge.

The plaintiff, James W. "Billy" Bullock, sued the successors to the executor of the estate of J. Bennett Bullock, seeking to recover damages for breach of an alleged oral contract by the decedent to convey by will his entire estate to the plaintiff, in consideration of the latter's performance of certain services for him. In a previous appearance of the case before this court, we held that a genuine issue of material fact existed as to whether the parties had entered into such a

contract, and we reversed a grant of summary judgment to the defendants. See *Bullock v. Bullock*, 162 Ga. App. 744 (292 SE2d 872) (1982). The plaintiff now appeals from a judgment entered on a jury verdict in favor of the defendants.

There was evidence that the plaintiff and the decedent, his great uncle, entered into the alleged contract and that the plaintiff performed various services on the decedent's farm over a period of about 10 years, following which the two became embroiled in litigation over the title to the farm, with the result that the plaintiff ceased performing such services. There was evidence that the plaintiff had previously purchased a 200-acre tract of land from the decedent for $10,000 and sold it within a year for $40,000. The decedent died about six years thereafter, leaving the bulk of his estate to five churches and bequeathing nothing to the plaintiff. The sole enumeration of error is that "the verdict is contrary to the evidence and insufficient to uphold the verdict." *Held*:

"This court will not disturb a judgment when there is any evidence in the record to sustain it, or where there is a conflict of evidence [cit.], in the absence of some material error of law [cit.]." *Menendez v. Ellis*, 149 Ga. App. 684 (255 SE2d 70) (1979). Determination of the credibility of witnesses and weight of the evidence are matters for the jury. See *Williams v. Kennedy*, 240 Ga. 163 (4) (240 SE2d 51) (1977). The jury was authorized to find, based on the evidence presented, either a failure of performance on the part of the plaintiff, or payment by the decedent for the services rendered, or accord and satisfaction, any of which would justify a verdict for the defendants. Accordingly, the evidence was sufficient to support the jury's verdict, and it follows that the trial court did not err in entering judgment based on the verdict.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 3, 1986 —
REHEARING DENIED MARCH 19, 1986.

*Michael R. Hauptman*, for appellant.
*Donald B. Howe, Jr.*, for appellees.