AARON J. SCHINDEL, complainant,

*v.*

J. GEORGE BRENAUER et al., defendants; PURITAN BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, appellant.

[Argued October 23d, 1944. Decided January 4th, 1945.]

*Mr. Joseph Steiner,* for the appellant.

*Mr. Israel B. Greene* and *Mr. Julius Wildstein,* for the respondents.

The opinion of the court was delivered by

DONGES, J.

These appeals are to review two orders, advised by Vice-Chancellor Stein, one dated April 25th, 1944, allowing Israel B. Greene, solicitor for the defendant J. George Brenauer, the sum of $1,000 as a counsel fee, and the other dated April 26th, 1944, allowing Aaron Van Poznak the sum of $250 for services rendered by him as master in the cause, to be paid by Puritan Building and Loan Association.

In his opinion, the Vice-Chancellor states the pertinent facts as follows:

"On March 27th, 1941, the Puritan Building and Loan Association at a meeting of the shareholders was voluntarily dissolved and the shareholders proceeded to the election of trustees in dissolution, resulting in the election of J. George Brenauer, Adolph Kleinwaks and Edward Dreyfuss. Aaron Schindel, who had been the president of the association for a number of years, was a candidate at the election and declared defeated, whereupon he filed objection to the election with the Commissioner of Banking and Insurance who refused to interfere and issued the statutory certificate to the three successful candidates. Brenauer, Kleinwaks and Dreyfuss thereupon qualified as trustees and undertook the administration of the trust.

"On May 16th, 1941, Schindel brought this suit to review the election of Brenauer and to remove him from office, claiming that he was entitled to be put in his place. The bill of complaint alleged fraud in the election and charged that proxies improperly cast certain votes for Brenauer which votes should have been cast for complainant, and that during the course of the election one of the proxies voted after he had resigned orally.

96

"In the proceedings thus brought to oust the defendant from his office as trustee, Mr. Greene was his solicitor through whom he actively defended the charges in the bill. Shortly before the final hearing, Brenauer died, and his wife, Florence Brenauer, as executrix of his estate, was substituted as defendant in his place and stead.

"The complainant, electing not to proceed further with the cause, the defendant applied for an order dismissing the bill of complaint in which order there was reserved to said Israel B. Greene and the executrix of the estate of Brenauer the right to apply on notice for a counsel fee against the estate of the Puritan Building and Loan Association, and also reserved the right to Aaron Von Poznak, the master appointed to impound the ballots cast at said election, on notice, for an allowance to him against the estate of the Puritan Building and Loan Association for the services rendered by him as such master." *135 N. J. Eq. 88.*

The record discloses that, as stated, the bill was filed on May 16th, 1941; after a number of adjournments, final hearing was scheduled for November 4th, 1943; Brenauer died on October 31st, 1943; on June 8th, 1943, it was ordered that the complainant have leave to amend the bill of complaint by joining the building and loan association and Kleinwaks and Dreyfuss, trustees, the amendment stating, "although no relief is sought against them, the complainant being advised that they are proper, but not necessary, parties to this suit;" these parties answered disclaiming any interest and reserving the right to move to dismiss the bill as to these defendants because of lack of interest; that, following the death of Brenauer, complainant Schindel was designated by the Court of Chancery as trustee to succeed Brenauer.

The order of dismissal, containing the reservation set forth above, was approved, as to form, by the solicitor and counsel for complainant, and by Von Poznak, and was on motion of Greene, solicitor for Brenauer and for the executrix of his estate. Nowhere does it appear that the building and loan association was notified of such application and it asserts that it was not aware of the application for the order of dismissal and reservation.

The learned Vice-Chancellor took the position that Brenauer having received a certificate from the Commissioner of Banking and Insurance and "having duly qualified as trustee was a *de jure* trustee administering the estate at the time the litigation was brought against him. The bill sought his removal as trustee and he had a right and duty to resist the attempt to remove him if he had reasonable ground for defending the attack. In resisting he was performing a duty which he owed to the beneficiaries of the trust (the shareholders) who voted for him. The bill of complaint having subsequently been dismissed his election remained undisturbed."

With the reasoning and conclusion of the Vice-Chancellor we do not agree. There is a lack of authority in this state on the subject of this appeal. However, it is evident that this case differs from one where an attempt is made to remove a trustee from his position for alleged misconduct of the estate. In this suit, there was no charge of failure to properly perform the duties of trustee, but that fraud was committed in his selection. It was a personal controversy between two candidates for the position. There is no doubt of the jurisdiction of the Court of Chancery to determine the controversy between the real parties. *Lazarus* v. *Home Building and Loan Association, 133 N. J. Eq. 367.* Here the challenge is of the right to administer by reason of fraud in election, so that it is not a matter involving the alleged improper administration of the trust, as in all cited cases.

But, apart from this question, we conclude that the controversy between the original parties to the litigation was never adjudicated. We think the reasoning of the same Vice-Chancellor in *Solimine* v. *Hollander, 129 N. J. Eq. 264, 266,* on this point, is the sound one. There he said:

"There has been a regrettable lack of unanimity in the rather few decisions outside of this state on the question of whether directors who.are ultimately successful in a suit of this character are entitled to be reimbursed for their reasonable costs and counsel fees in the litigation. No authority in this state has been submitted to me on the point and my own research has disclosed none. However, there can be no doubt

that even as counsel for the complainant is not entitled to be paid a counsel fee in advance of a successful result, so the defendant director or officer is not entitled to indemnification or reimbursement in advance of his vindication."

He refers to *Wood* v. *Noma Electric Corp., N. Y. Law Journal,* October 10th, 1936 (*p. 1121*), a suit by a director to compel his company to reimburse him for attorney's fees expended by him in an action charging him with fraud and waste. The original action was discontinued during trial. The complaint for reimbursement was dismissed. The Vice-Chancellor comments:

"While an adjudication of wrongdoing is, of course, clearly dispositive against the right to reimbursement, a discontinuance before judgment, though carrying with it no taint of wrongdoing, is equally dispositive, for in neither situation has the cause resulted in acquittal."

Even assuming the case to be one involving the administration of the trust estate so as to bring it within the holding that one charged with fraud or mismanagement has a right to be reimbursed for expenditures in resisting such charges—which we think is not true under the facts in this case—we conclude that there has been no such disposition of the controversy as to justify the assessment of fees to counsel and allowances to the master against the estate. Neither party was successful, and the controversy was never adjudicated.

The order of dismissal provided that no costs were allowable. This may be indicative of the opinion of the real parties to the controversy that no finding of fact was to be taken from the discontinuance of the action.

We conclude that it was error to assess the allowances in question against the appellant. The decree is reversed.

*For affirmance*—PERSKIE, HAGUE, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 10.