ESSENTIAL ENTERPRISES CORPORATION, a corporation of the
State of Delaware,
Plaintiff,

*vs.*

AUTOMATIC STEEL PRODUCTS, INC., a corporation of the State of
Delaware, FRANK B. JOHNSTON, HENRY G. HOTCHKISS and
JOHN R. MAHER,
Defendants.

*New Castle, Sept. 22, 1960.*

*Louis J. Finger,* of Richards, Layton & Finger, Wilmington, for plaintiff.

*Henry Horsey,* of Berl, Potter & Anderson, Wilmington, for individual defendants.

SEITZ, Chancellor: This action was commenced as one under 8 *Del.C.* § 225 by a majority stockholder of the corporate defendant to determine the validity of action taken to remove certain directors and the election of others to replace them. By a cross-claim the right of the board to remove its then chairman Johnston was also raised.

The court determined that the three directors involved were invalidly removed and in consequence their successors were not validly elected. The court also determined that the chairman of the board was invalidly removed on June 2, 1959 but was validly removed at least on July 21, 1959. See *Essential Enterprises v. Automatic Steel Products, supra* p. 93, 159 *A.2d* 288. Certain matters raised by cross-claims were left for subsequent determination and this is the decision thereon. No jurisdictional question is raised.

The first question is whether the corporation should be required to pay the chairman's salary for the period between the date he was invalidly removed and the date of his lawful removal from office.

The corporation argues that the board's ratification of the earlier invalid removal relates back so as to deprive the officer of his interim salary, at least where, as here, the original removal was invalid solely for lack of a quorum and where the officer performed no services in the period. No issue of lack of contract is raised. The removed chairman argues that since he was admittedly removed "without cause" and prevented from performing the services required of a chairman, there is no reason why he should be deprived of his salary.

■ There can be no question but that in certain situations a ratification may relate back so as to bestow legality on an earlier invalid act. The question is whether this is an appropriate case for the application of that doctrine. The parties seem to believe that the answer lies in the determination of the issue as to whether the original action was void or voidable. I do not believe it is profitable to ap-

proach the matter from that point of view because even if the original action was only voidable, the invalidly removed director may be entitled to compensation on the basis of the equities.

The corporation says that the equities support its position and do not favor the removed officer. It emphasizes that the officer did not perform any services for the corporation during the period in question. To accord recognition to this alleged equity would be to put a premium on invalid action and discourage such officials from vindicating their rightful positions. The Court does not believe the law should encourage action which has such consequences particularly where, as here, the discharge was admittedly without cause. The authorities seem to support the proposition that an officer improperly discharged is entitled to his salary in the period between his legal and illegal removal. Compare 5 *Fletcher Cyc. of Corps.,* §§ 2146, 2168. Implicit in this is the fact that ratification could not defeat such right. Compare *Gentry-Futch Co. v. Gentry,* 90 *Fla.* 595, 106 *So.* 473; 19 *C.J.S. Corporations* § 738(4) *c.* It comes with poor grace to say that the chairman did not perform his duties when those who removed him by their invalid action, in a practical sense, prevented him from performing such duties. No issue of minimizing damage is involved.

■ I conclude that Johnston is entitled to his salary for the months between his invalid removal and his legal removal. The ratification did not validate the prior action to the extent of defeating the chairman's claim for compensation.

The next matter to be considered is the compensation claim of the illegally removed directors for the ten month period when they were treated as though they were no longer the legally elected directors.

The corporation says that they are not entitled to receive compensation whether it be considered as salary or fees for attendance at directors' meetings because they failed without valid excuses to attend a single board meeting.

The facts show that the three directors were told that they had been removed but were advised that they were free to attend directors'

meetings until such time as the propriety of their removal was judicially determined. They were told their votes would be noted but that they would not be counted in determining what constituted effective action by the majority of the directors. They received notice of the meetings.

The directors in question claim that in the first place the compensation they seek is not based on attendance at meetings. They point to minutes of the directors' meeting held November 5, 1959 in which it is provided as follows:

"Regular stipulated compensation of directors

"Upon motion duly made and seconded, it was unanimously

"Resolved, that each Director shall continue to be paid the regular annual compensation of $1,200."

Moreover, the corporation's by-laws provided as follows:

"Regular stipulted compensation and fees of directors

"Each director shall be paid such regular stipulated compensation, if any, as shall be fixed by the Board of Directors, not to exceed $1,200 annually, and/or such fee, if any, for each meeting of the Board of Directors which he shall attend as shall be fixed by the Board of Directors. * * *"

It seems clear from the quoted material that the fixed compensation of the directors was different from fees for attendance at directors' meetings. The corporation's position seems to be that the individual defendants did not give the corporation anything of value and so they should not receive the stipulated compensation. It says that by failure to attend the meetings they failed to perform their fiduciary duty to keep themselves apprised of corporate affairs, etc.

Basically, the corporation is saying that because the individual defendants were told that they might attend the meetings and have their vote recorded, though not considered, in connection with the corporation's affairs, their failure to attend all such meetings deprives them of a claim to compensation. Thus, once again we find the corporation resisting compensation even though the claimants were

prevented from performing at least part of their corporate functions because of the invalid action of the other members of the board. Certainly, the conditions imposed would only encourage friction and further corporate disunity.

The real issue is whether the defendants should be deprived of their compensation as fixed in the resolution because they did not attend meetings under the circumstances described. I say this realizing that the compensation was not the same as their fees for attending meetings. This issue presents varying policy considerations but it seems to me that basically the determination of the issue must follow the decision on the merits of the original removal. Any other action would tend to encourage undesirable action by those unproperly assuming control. It would also place an undue burden on officials who feel that they should resist activity which they consider to be illegal. There is no suggestion that the claimants could have minimized their damages here.

I therefore conclude that the three directors who were illegally removed are entitled to their compensation and that the plan to permit them to have limited participation in board meetings did not require them to accept such conditions or be deprived of their legitimate compensation.

The third and final issue involves the question as to whether the individual defendants are entitled to be reimbursed by the corporation for their counsel fees and litigation expenses incurred in successfully litigating the validity of their removal from office. This appears to be the first time a Deleware State Court has construed the statute.

The three directors claim that they are entitled to such reimbursement on any one of the following three independent grounds:

1. The Delaware indemnification statute as implemented by the corporation's by-laws.

2. The common law right of indemnification.

3. The court's inherent right or statutory discretion under 8 *Del.C.* § 225.

The pertinent provision of the indemnification statute is as follows (8 *Del.C.* § 122):

"Every corporation created under the provisions of this chapter shall have power to— * * *

"(10) Indemnify any and all of its directors or officers or former directors or officers or any person who may have served at its request as a director or officer of another corporation in which it owns shares of capital stock or of which it is a creditor against expenses actually and necessarily incurred by them in connection with the defense of any action, suit or proceeding in which they, or any of them, are made parties, or a party, by reason of being or having been directors or officers or a director or officer of the corporation, or of such other corporation, except in relation to matters as to which any such director or officer or former director or officer or person shall be adjudged in such action, suit or proceeding to be liable for negligence or misconduct in the performance of duty. Such indemnification shall not be deemed exclusive of any other rights to which those indemnified may be entitled, under any by-law, agreement, vote of stockholders, or otherwise."

The corporation's by-law, insofar as it is pertinent to the present issue, provides as follows:

"Section 13. Indemnification of Directors and Officers. Each Director and officer, whether or not then in office (and his heirs, executors and administrators), shall be indemnified by the Corporation against all costs and expenses (including but not limited to counsel fees) reasonably incurred by or imposed upon him in connection with or resulting from any action, suit or proceeding to which he may be made a party by reason of his being or having been a Director or officer of the Corporation * * *"

It should be recalled that this was an action by a majority stockholder against the corporation and the three individual defendants seeking a declaratory judgment that the individual defendants did not have title to the offices in question. The individual defendants seek

indemnification for legal expenses in successfully defending that action. Preliminarily, I should note that plaintiff does not suggest that the expenses were not reasonably incurred. Although defendants argue to the contrary, it can be said that for our purposes the statute and the by-law are the same.

The statute is very broad. Insofar as this case is concerned it provides that a director or officer is entitled to indemnification for legal expenses incurred in connection with the successful defense of any action, suit or proceeding in which he is made a party by reason of being a director or officer. When the statute is read literally the defendants come within its four corners because they defended an action in which they were made parties defendant by reason of the offices which they held in the corporation.

Plaintiff argues that the present action, despite the broad language of the statute, is not of the type contemplated by the statute. It contends that the statute visualizes situations where the directors' activities done pursuant to the duties of their office are challenged. It says that the statute has no application to a dispute concerning title to office at least where control is not involved, citing *Sorensen v. Overland Corporation, D.C., 142 F.Supp. 354, 358, affirmed 3 Cir., 242 F.2d 70.*

The *Sorensen* case involved an action by a director seeking indemnification for legal expenses paid his attorney in defending a lawsuit brought against him and other officers and directors of the corporation of which he was a director. The court held that the Delaware indemnification statute and the by-law of the corporation involved had no application because Sorensen had been sued in connection with transactions which he had entered into with the corporation before becoming an officer or director of the corporation. Thus, the challenged transactions were personal to him and his threatened liability was not as an officer or director. In connection with the disposition of the case the Chief Judge did make the following statement:

> "* * * It is plain from a reading of the by-law that its purpose is to enable an officer or director to defend (without cost to

himself) litigation when it is charged he acted illegally *in the performance of his duties as an officer or director*. Indemnification was not intended to cover expenses for defense of claims antedating alleged wrongdoing before the officer or director began to serve. By-laws for indemnification are limited to defense of actions based upon dereliction in office. The test, as stated by the Third Circuit in Mooney v. Willys-Overland Motors, Inc., is whether or not the plaintiff was sued in his capacity as an officer or director, with primary emphasis placed upon the complaint."

■ I have carefully considered the quoted language and am of the view that it must be considered as being confined to the general factual situation there presented. I think it is clear that the statute was passed primarily to permit corporate executives to be indemnified in situations where the propriety of their actions as corporate officials is brought under attack. But our statute and the by-law here involved are not restricted to those situations. The statutory emphasis is on the fact that they are sued by reason of their status as a director or officer.

Plaintiff relies upon *Schindel v. Brenauer,* 136 *N.J.Eq.* 94, 40 *A.2d* 631. That case involved a dispute as to which party had been duly elected trustee. The court said the contest was a personal one between two candidates for office and intimated that in such case the winner could not be indemnified for the expenses of his attorney. It may be noted that in our case the defendants were duly elected directors who were resisting an illegal ouster while in the New Jersey case the two contestants were seeking a determination as to which was duly elected. Whether this is a significant difference I need not decide because I am satisfied that our statute and by-law must here control.

■ I have come to the conclusion that the statute and by-law here involved support the defendants' claim for indemnification. First, the statute, read literally, applies to this case because the defendants were so named solely because of the offices which they held. Moreover, the determination of the title question was of substantial benefit to the corporation in that it removed any cloud from the legality of the

board's actions. Indeed, the corporation's answer stated, "it is in the interest of itself and its stockholders that the dispute described in the complaint be tried and determined."

Plaintiff seems to concede that if the dispute involved control of the board, as opposed to a minority, the directors would have been entitled to indemnification. I do not find this distinction acceptable because the corporation's charter provided for staggered terms for its directors and the individual defendants were filling some of those directorships. In the interest of themselves and the stockholders who elected them, they were fully warranted in resisting the invalid attempt to unseat them.

I believe my construction of the statute and implementing by-law tends to promote the desirable end that corporate officials will resist what they consider to be illegal removal action, secure in the knowledge that their reasonable expenses will be borne by the corporation they have served if they are vindicated. Compare *Mooney v. Willys-Overland,* 3 *Cir.* 204 *F.2d* 888.

I conclude that under our statute and the corporation's by-law the defendants are entitled to indemnification for the costs reasonably incurred by them in successfully defending the action attacking their status as directors.

Present order on notice.